IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| JERRY OGLESBEE,         § <br>     PLAINTIFF         § <br>                               § <br> V.                                § <br>                                   § <br> EXXONMOBIL PENSION PLAN           § <br> ADMINISTRATOR-BENEFITS, AS        § <br> ADMINISTRATOR OF THE EXXONMOBIL   § <br> PENSION PLAN                      § <br>     DEFENDANT          § | C.A. NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, JERRY OGLESBEE, Plaintiff, complaining of and against EXXONMOBIL PENSION PLAN ADMINISTRATOR-BENEFITS, AS ADMINISTRATOR OF THE EXXONMOBIL PENSION PLAN, Defendant, and for cause of action alleges as follows:

### JURISDICTION

1.1    The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this case involves a claim arising under a Federal Question, to-wit, ERISA.

### VENUE

2.1    Venue is proper pursuant to 28 U.S.C. § 1391(b), as the Eastern District of Texas is a judicial district in which a substantial part of the events giving rise to the claims occurred.

## PARTIES

3.1   Plaintiff, JERRY OGLESBEE, is a Texas and United States citizen domiciled in Sour Lake, Texas.

3.2   Defendant EXXONMOBIL PENSION PLAN ADMINISTRATOR-BENEFITS, is the Plan Administrator for the ExxonMobil Pension Plan.  This Defendant may be served with citation by serving: **Administrator-Benefits, 4550 Dacoma, Houston, Texas 77092.**

3.3   Venue is proper in that a substantial part of the events or omissions giving rise to the claim occurred either in whole or in part in Beaumont, Texas, within the Eastern District of Texas.

4.1   Plaintiff worked for ExxonMobil (and its predecessor, Mobil) from on or about November 1975 until October 2009, which is approximately 34 years.

4.2   On or about April 30, 2003, Plaintiff was wrongfully terminated by ExxonMobil.  ExxonMobil made a pension payment to Plaintiff on the assumption that he was terminated.  Pursuant to a collective bargaining agreement, Plaintiff brought his grievance before an impartial arbitrator.  The arbitrator upheld the grievance and ordered that "All rights and benefits shall be restored; including pension, vacation, medical rights and privileges that Grievant was entitled to during the time in question".  Upon receiving notice of this, Plaintiff attempted to repay or return the money into the Plan but was told something by a representative of ExxonMobil or Defendant to the effect that he could not do so.

4.3     Upon retiring in due course on or about October 2009, Plaintiff was informed that he was to be paid a pension benefit which was significantly lower than what would have been due him as a 34-year retiree.  Plaintiff sought reconsideration of this amount.  Defendant agreed that the initial calculation was in error but presented a revised figure which again is significantly lower than what is due Plaintiff as a 34-year retiree.

4.4     Plaintiff has exhausted his administrative remedies, most recently by sending a letter dated July 2, 2010, a reprint of which is attached hereto.  Defendant has not responded which is a de facto denial of the request.

5.1     Plaintiff asserts that the conduct of Defendants as set forth above constituted a breach of contract and violation of Defendants' duties under the ERISA plan for which Plaintiff now seeks recovery.  As a natural and probable result of these actions, Plaintiff has suffered actual damages in an amount in excess of the minimum jurisdictional limits of the Court.  Plaintiff hereby sues Defendants for all such relief, plus taxable costs, attorney's fees (through not only the trial hereof, but also for any appellate review or re-trial), and all pre-judgment and post-judgment interest as allowed by law.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays for judgment against Defendant for all damages, interest, taxable court costs and all reasonable and necessary attorney's fees, as sought hereinabove; together with all other relief at law or in equity, special or general, to which Plaintiff may be justly entitled to receive.

        Respectfully submitted,

        REAUD, MORGAN & QUINN, L.L.P.
        801 Laurel Street
        P. O. Box 26005
        Beaumont, Texas 77720-6005
        (409) 838-1000
        FAX (409) 833-8236

        By: */s/ John Werner*
            John Werner
            State Bar No. 00789720

        Attorneys for Plaintiff